THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00085-MR-DLH

| | |
|---|---|
| WILLIAM C. BURNHAM, ) ) Plaintiff, ) ) vs. ) ) ) MISSION HOSPITAL, ) ) Defendant. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] and the Plaintiff's "Motion to Appoint Attorney & Emergency Hearing for Preliminary Injunction for Fair Medical Care" [Doc. 3]. The Court will grant the Plaintiff's Application [Doc. 2] but will *sua sponte* dismiss this action.

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and that it states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County,

S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners").

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

Here, the Plaintiff seeks injunctive relief against Mission Hospital ("Mission") pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). Specifically, the Plaintiff alleges that he is a disabled individual with severe mobility issues, and that Mission failed to comply with ADA accessibility requirements in various respects. [Doc. 1].

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity,

or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act similarly provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, or be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

A plaintiff seeking recovery for violation of either the ADA or the Rehabilitation Act must allege the following: (1) that he has a disability; (2) that he is otherwise qualified to receive the benefits of a public service, program, or activity; and (3) that he was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of his disability. Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 498-99 (4th Cir. 2005); Baird v. Rose, 192 F.3d 462, 467-70 (4th Cir. 1999).

The Plaintiff's Complaint fails to allege plausible facts showing that the Plaintiff was actually denied the benefits of any program or service provided by Mission or that he was actually subjected to discrimination by that entity on the basis of his disability. As grounds for his discrimination claim, the Plaintiff asserts that Mission is not in compliance with ADA regulations with respect to the number of disabled parking spaces it maintains in relation to

3

the overall number of parking spaces available. [Doc. 1 at 5]. The Plaintiff offers no allegations regarding the number of such parking spaces, however. Further, and most importantly, he fails to allege that he was denied any program or service offered by Mission or that he was otherwise discriminated against as a result of the number of disabled parking spaces available.

The Plaintiff also asserts that the slopes of the wheelchair ramps entering the Emergency Department "are not within compliance." [Id.]. Again, the Plaintiff offers no specific allegations in support of this claim. Moreover, the Plaintiff fails to allege that he was denied entry to the hospital because of the condition of these ramps.

Finally, the Plaintiff asserts that the area of the hospital where records are housed was too narrow to permit the Plaintiff to access it. [Id.]. The Plaintiff, however, fails to allege that he was denied access to any records which he was qualified to receive.[1]

For all of these reasons, the Court concludes that the Plaintiff has failed to state a claim for disability discrimination under the ADA or the Rehabilitation Act. When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case.

---

[1] The Plaintiff also alleges that "[t]here are so many more violations Plaintiff's hand [won't] even hold out to write them." [Doc. 1 at 5]. The Court, however, cannot permit an action to go forward on such conclusory allegations.

4

See Neitzke, 490 U.S. at 328; White v. White, 886 F.2d 721, 724 (4th Cir. 1989). It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). As such, the Court will dismiss this civil action. The Court, however, will allow the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs.

Because this case is being dismissed, the Plaintiff's requests for the appointment of counsel and for an emergency hearing are denied.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **ALLOWED**;

(2) Plaintiff's "Motion to Appoint Attorney & Emergency Hearing for Preliminary Injunction for Fair Medical Care" [Doc. 3] is **DENIED**; and

(3) This action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

The Clerk of Court is hereby directed to close this case.

**IT IS SO ORDERED.**

Signed: April 11, 2018

Martin Reidinger
United States District Judge